UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY DARNELL LUCAS, JR,

            Petitioner,

                                                    Case No. 24-cv-0824-bhl

v.

LISA SCHWARTZ and JENNIFER MCFADDEN,

           Respondents.

## SCREENING ORDER

On July 1, 2024, Jerry Darnell Lucas, Jr. filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Despite paying the accompanying filing fee, Lucas also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) That motion will be denied as moot because he has already paid the fee. The Court will now screen his petition.

### SCREENING THE PETITION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Wilke's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

### BACKGROUND

Lucas identifies two state court cases as being the subject of his petition, Case Nos. 2020CF000340 and 2022CF001588. With respect to the former, online court records show that Lucas was charged in Kenosha County on March 20, 2020, with three counts of manufacturing,

distributing, or delivering a controlled substance in violation of Wis. Stat. § 961.41(1). *State v. Lucas*, Case No. 2020CF000340, Kenosha Cnty. Cir. Ct. (available electronically at: https://wcca.wicourts.gov/). Lucas pleaded not guilty on April 28, 2020, but has not yet faced trial on those charges, due to a series of delays. *Id.* With respect to the second case, on November 16, 2022, Lucas was charged in the same state court with misdemeanor possession of drug paraphernalia in violation of Wis. Stat. § 961.573(1) and felony bail jumping. *State v. Lucas*, Case No. 2022CF001588, Kenosha Cnty. Cir. Ct. (available electronically at: https://wcca.wicourts.gov/). Lucas also pleaded not guilty to those charges and is currently awaiting trial. *Id.* Accordingly, both cases remain pending, and Lucas has not been convicted or sentenced in either matter.

Contrary to the online records, Lucas asserts in his habeas petition that he has been sentenced twice for the same offense of manufacturing and delivering a controlled substance in violation of the Fifth Amendment's Double Jeopardy Clause, "Act 33," "wrongful conviction" and Wis. Stat. §§ 974.02, 974.06, and 973.11. (ECF No. 1 at 56.) His petition references only the ongoing criminal matters identified above. (*See id.* at 2.) Although online records show no appeals, Lucas asserts that he has appealed his cases to both the Wisconsin Court of Appeals and Wisconsin Supreme Court but claims his appeals have been denied. (*Id.* at 3.)

## ANALYSIS

The Double Jeopardy Clause affords a defendant three basic protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 497–98 (1984) (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977)). None of these protections applies to Lucas. His petition challenges two *ongoing* criminal matters and, even if those cases had been resolved, each charges him with different offenses. The information in Lucas's petition and the court records for the ongoing criminal cases he invokes defeat rather than implicate any Double Jeopardy Clause violation. Moreover, Lucas does not provide any other federal law that could sustain his habeas petition. While he invokes several state laws,[1] a federal court confronting a habeas petition "is limited to

---

[1] In addition to invoking several state statutes, Lucas makes repeated reference to "Act 33." He appears to be referencing 2017 Wisconsin Act 33, state legislation amending Wis. Stat. § 961.443 and relating to immunity from revocation of probation, parole, or extended supervision for certain controlled substance offenses.

deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Claims based on state law are not considered by the Court.

Lucas's petition is also improper under 28 U.S.C. § 2254, because he is not "in custody pursuant to the judgment of a State court." *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (quoting 28 U.S.C. § 2254). "The appropriate vehicle for a state pre-trial detainee to challenge his detention is" 28 U.S.C. § 2241. *Id.* A pre-trial double jeopardy claim may appropriately be brought under Section 2241, but the Court will decline to treat Lucas's petition as a Section 2241 petition because, as explained above, it is apparent that Lucas is not entitled to relief on his double jeopardy claim. Accordingly, Lucas's petition will be dismissed.

**IT IS HEREBY ORDERED** that Lucas's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Lucas's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing of the denial of a constitutional right and that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 7, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge